UNITED STAETS DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOHN E. OROZCO,<br><br>                        Plaintiff,<br><br>   vs.<br><br>YAKIMA SHERIFF'S OFFICE, YAKIMA COUNTY, and SERGIO REYNA and JANE DOE REYNA, JOHN DUGGAN and JANE DOE DUGGAN, and J. TOWELL AND JANE DOE TOWELL<br><br>                        Defendants. | No<br><br>**COMPLAINT FOR DAMAGES**<br><br>JURY TRIAL DEMANDED |

## I.     NATURE OF ACTION

1.1     <u>Introduction</u>.  This a civil rights action brought by the Plaintiff pursuant to RCW 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments against the Defendants, Defendant sheriffs and their martial community.  This case arises from claims of violations of his civil rights under pursuant to 42 U.S.C. § 1983, negligent infliction of emotional distress, violation of RCW 49.60 et. al for violations of discrimination, tort of outrage and negligence.

Complaint against Yakima Sheriff's Office

1

## II. PARTIES

2.1    Plaintiff John E. Oroczo.    John E. Oroczo is a resident of King County, Washington.

2.2    Defendant Sergio Reyna.  At all times relevant, Deputy Sergio Reyna was employed as law enforcement by Yakima County and Yakima County Sheriff's Office and was acting within the course and scope of employment with the Yakima County and Yakima County Sheriff's Office and under color of law.   All of Sergio Reyna's actions alleged here were taken for the benefit for Yakima County and Yakima County Sheriff's Office and his martial community.

2.3    Defendant John Duggan.  At all times relevant, Det. John Duggan was employed as law enforcement by Yakima County and Yakima County Sheriff's Office and was acting within the course and scope of employment with the Yakima County and Yakima County Sheriff's Office and under color of law.  All of John Duggan's actions alleged here were taken for the benefit for Yakima County and Yakima County Sheriff's Office and his martial community.

2.4    Defendant J. Towell.  At all times relevant, J. Towell was employed as law enforcement by Yakima County and Yakima County Sheriff's Office and was acting within the course and scope of employment with the Yakima County and Yakima County Sheriff's Office and under color of law.  All of J. Towell's actions alleged here were taken for the benefit for Yakima County and Yakima County Sheriff's Office and his martial community.

2.5    Defendant Yakima County.  Defendant Yakima County is a municipal corporation located in the Eastern District of Washington.  At all times material to this Complaint, all individual Defendants named herein were agents of Yakima County, acting within the scope of their employment, and under color of state law. Yakima County Sheriff's Office has jurisdiction in the unincorporated areas of Yakima County, including the City of Wapato.

2.6    At all times relevant, Defendants were acting under color of law and as agents of Yakima County.

### III.   JURISDICTION AND VENUE

3.1   This Court has jurisdiction over Plaintiffs' federal claims pursuant to 28 U.S.C §§ 1331 and 1343.

3.2   This Court has jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

3.3   Venue is appropriate in the Eastern District of Washington pursuant to 28 U.S.C. § 1391 because at least some of the Defendants reside in this judicial district and because the events and omissions giving rise to the claims alleged herein occurred within the Eastern District of Washington.

3.4   Jurisdiction is proper under RCW 4.96.010 and RCW 4.96.020.  A Yakima County claim for damages was presented to Yakima County, City Clerk's office as directed on the tort claim.  On or about October 1, 2021, Plaintiff provided Yakima County with notice of his tort claims pursuant to RCW 4.96.020.  More than sixty (60) calendar days have elapsed since the filing of the tort claim such that filing of this action is allowed pursuant to RCW 4.96.020.

### IV. JURY DEMAND

4.1   Plaintiff hereby demands a jury trial on the causes of action set forth herein.

### V.  FACTS

5.1   On August 12, 2019, Deputy Sergio Reyna and Det. John Duggan while on duty and driving their unmarked vehicle for the Yakima Sheriff's Office ("YSO") came to house owed by Plaintiff. While at the house owed by Plaintiff, Defendants unlawfully arrested him without probable cause.

5.2   Mr. Oroczo was startled, confused and bewildered at what was occurring.  Mr. Orozco could not believe he was being handcuffed and arrested by the Defendants Sheriffs.  Mr. Oroczo was anxious and worried as he did not know why he was being arrested.

5.3   On that same day, Defendants Sheriffs handcuffed, detained, and arrested the Plaintiff.

5.4   Defendant Sheriffs knew or should have known that the affidavit signed by the Defendant Sheriffs failed to meet and establish probable cause.  See Exhibit A.  Defendant Sheriffs allege they

arrested Mr. Oroczo for $100.00 he allegedly stole, even though witnesses contradicted the Defendant Sheriffs version of events.

5.5     Defendant Sheriffs wrongfully concluded that they had probable cause to arrest Plaintiff.

5.6     Mr. Oroczo experienced mental pain and trauma as a result of this incident.

5.7.    Upon information and belief, Defendant Sheriffs notified news reporters that Mr. Oroczo was being arrested and taken into custody.

5.8     Mr. Oroczo was arrested under false pretenses.

5.9     Mr. Oroczo is of Latino decent.

5.10    Based on the false representations of the Defendant Sheriffs in this case, and written in the declaration for probable cause, Plaintiff was put in jail.

5.11    On August 14, 2019, Superior Court Judge Doug Federspiel signed an order releasing the Plaintiff finding that the Affidavit Submitted to the court failed to establish probable cause, and therefore Mr. John E. Orozco shall be released without any restrictions or conditions. See Exhibit B.

## VI.  CAUSES OF ACTION

6.1     First Cause of Action.  Violation of 42 U.S.C. § 1983.  By virtue of the facts set forth above, the Defendants are liable to the plaintiff for violation of the plaintiff's civil rights.  42 U.S.C. § 1983.

6.2     Second Cause of Action.  Negligent Infliction of Emotional Distress.  By virtue of the facts set forth above, the Defendants knew or should have known that the actions allowed the Defendant Sheriffs would cause significant emotional distress to Mr. Oroczo for false arrest, incarceration mental pain, suffering as well as emotional distress and anxiety, in amount to be proven at trial.

6.3     Third Cause of Action.  Violation of RCW 49.60.  By virtue of the facts set forth above, per RCW 49.60.030, the Defendants are liable to the plaintiff for violation of the plaintiff's civil rights to be free from discrimination because of race, creed, color, national origin, sex, honorably discharged veteran or military status, sexual orientation, or the presence of any sensory, mental, or physical

disability or the use of a trained dog or serviced animal with a disability is recognized as and declared to be a civil right. Plaintiff is a Latino who was at house he owns. Plaintiff believes he was discriminated and treated differently because of this race. As a result of Defendants' actions and conduct it discriminated against Mr. Oroczo on his race.

6.4     <u>Fourth Cause of Action. Tort of Outrage.</u>  By virtue of the facts set forth above, the Defendants are liable to plaintiff for the tort of outrage. All defendants are liable to the plaintiff for the tort of outrage. Plaintiff is bringing his claim of outrage based on the facts that Defendants' actions were extreme and outrageous conduct, Defendants actions caused reckless infliction of emotional distress, and the Defendants' actions did cause severe emotional distress to the Plaintiff.

6.5     <u>Fifth Cause of Action. Negligence</u>.  By virtue of the facts set forth above, the defendants are liable to all plaintiff for damages for negligence. The claim for negligence arises out of the duty owed Mr. Orozco who falsely arrested him without probable cause. The duty arose when the Deputy Sheriffs went the house owed by Mr. Orozco and chose to interact with him and arrest him. The duty is breached when the officers chose to handcuff, arrest and jail Mr. Orozco without sufficient probable cause. But for the negligent actions of the Defendant Sheriffs and their employer, Yakima Sheriff's Office, Mr. Orozco would not have been handcuffed, arrest and jailed. Thus the elements of negligence are met. In Washington, the public duty doctrine defines circumstances under which a governmental entity may owe a statutory or common law duty to a particular member of the public, namely, (i) legislative intent, (ii) failure to enforce, (iii) the rescue doctrine, or (iv) a special relationship.

## VII.  CONCLUSION

WHEREFORE, Plaintiffs pray for the following relief:

1. Compensatory damages and punitive damages in an amount to be proven at trial. Plaintiffs seek punitive damages against all defendants;

2. For reasonable attorneys' fees and costs; and

3. For such other and further relief as the Court deems just and equitable

DATED this 10th day of May 2022.

By /s/ Jesse Valdez
Jesse Valdez, WSBA #35378
VALDEZ LEHMAN, PLLC.
Attorney for Plaintiff
John Edward Orozco

Complaint against Yakima Sheriff's Office

**VALDEZ LEHMAN, PLLC**
14205 SE 36th St. Ste. 100
Bellevue, WA  98006
P: 425.458.4415